# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TERMAINE L. BRAXTON                                                    PLAINTIFF

V.                         No. 3:20CV00013-DPM-JTR

JACKSON COUNTY DETENTION
CENTER, *et al.*                                                       DEFENDANTS

## ORDER

Plaintiff Termaine L. Braxton ("Braxton") has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was incarcerated in the Jackson County Detention Center ("JCDC"). *Doc. 2*. Before Braxton may proceed with this action, the Court must screen his claims.[1]

Braxton alleges that, when he arrived at the JCDC on December 19, 2019, he informed "staff" that, because he is of the Islamic faith, he required a pork-free diet. Defendant Lieutenant Jess Foust said that none of the food served was pork or contained pork products. On December 30, 2019, Braxton was served pudding and,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Finally, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

when he asked if it contained pork, "the jailer" laughed at him. Braxton ate the pudding and later began throwing up. "A trustee" told him the pudding contained pork. Braxton asserts that this was "religious discrimination" and a "malicious act towards [him] as a Muslim." He seeks monetary damages. *Id.* at 4.

Although Braxton also names Sheriff David Lucas ("Lucas") and Captain Nicole Carter ("Carter") as Defendants, he makes *no* factual or legal allegations against either of them. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). In addition, Braxton has sued the JCDC, which is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (county jails "are not legal entitles amenable to suit").

Braxton must provide the Court with additional information so it can complete the screening required under § 1915A. Thus, he must file an Amended Complaint: (1) clarifying how *each* Defendant *personally participated* in violating his constitutional rights; (2) explaining why he believes the one-time serving of pudding was "malicious" and discriminatory; (3) providing a *clear and express* statement regarding whether he is suing Defendants in their official capacity, their individual capacity, or both capacities; and (4) stating whether, at the time of the incidents alleged in the Complaint, he was a pretrial detainee (in jail and still awaiting trial on

pending criminal charges), a convicted prisoner (serving a sentence as a result of a judgment of conviction), or in jail for other reasons.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Braxton a § 1983 complaint form that is labeled "Amended Complaint."

2. Braxton must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 21st day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE